IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARKUS OWINGS, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | 11-CV-7075 |
| v. | ) ) | JURY DEMANDED |
| ESTES EXPRESS LINES, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

**COMPLAINT**

Plaintiff Markus Owings, on behalf of himself and all other persons similarly situated known and unknown, through his attorney, James X. Bormes, for his Complaint against Estes Express Lines, Inc. ("Defendant"), states as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1. This lawsuit arises under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"), and the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* ("FLSA") for Defendant's failure to pay Plaintiff and other similarly-situated persons all earned overtime pay, and for Defendant's failure to compensate fully Plaintiff and other similarly-situated persons for all time worked.

2. Defendant provides trucking services within this judicial district.

3. Defendant paid Plaintiff and those similarly situated to him regular time rather than time and a half for work performed in excess of 40 hours and less than 56 hours in a given 7 day work week

1

4. Plaintiff brings his IMWL overtime claims and IWPCA unpaid wage claims as a class action pursuant to Fed.R.Civ.P. 23.

5. Plaintiff brings his FLSA overtime claim as an individual action

## THE PARTIES

6. Representative Plaintiff Markus Owings is an individual who was employed as an hourly, non-exempt employee in one of Defendant's trucking terminals located in Elgin, Illinois from approximately June of 2005 to November of 2010. Plaintiff resides in and is domiciled within this judicial district.

7. Plaintiff was employed by Defendant as an "employee," as that term is defined by Section 3 of the IMWL, 820 ILCS 105/3, and within Section 2 of the IWPCA, 820 ILCS 115/2 and Section 203 of the FLSA.

8. At all relevant times, Defendant was Plaintiff's "employer" as that term is defined by Section 3 of the IMWL, 820 ILCS 105/3, and within Section 2 of the IWPCA, 820 ILCS 115/2 and Section 203 of the FLSA.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over individual FLSA claims in this action under 29 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over all class claims in this action under 28 U.S.C. § 1367.

## CLASS ACTION ALLEGATIONS

11. Plaintiff and other employees are similarly situated to one another because their duties consisted primarily of working as spotters in Defendant's trucking terminals. Plaintiff and other similarly situated employees all shared similar policies, job titles, job descriptions, training, job duties and compensation, amongst other things.

12. Plaintiff and other employees are also similarly situated to one another because Defendant only paid for overtime work at the rate of time and a half only for hours worked in excess of 55 hours in a 7 day work week.

13. With respect to Plaintiff's IMWL claim, Plaintiff seeks to represent a class that is comprised of and defined as:

> All individuals who were employed or are currently employed by Defendant, its subsidiaries or affiliated companies, in the state of Illinois as hourly paid, non exempt spotters, or other similarly titled positions, from October 6, 2008 through and including the present (herein the "IMWL Class").

14. With respect to Plaintiffs IWPCA claim, Plaintiff seeks to represent a class that is comprised of and defined as:

> All individuals who were employed or are currently employed by Defendant, its subsidiaries or affiliated companies, in the state of Illinois as hourly paid, non exempt spotters, or other similarly titled positions, from August 17, 2002 through and including the present (herein the "IWPCA Class").

15. Based on information and belief, Defendant employed in excess of 100 spotters at several different terminals located throughout Illinois during the relevant statutory period.

16. This action is being brought as a class action, Fed. R. Civ. P. 23, because the IMWL Class and IWPCA Class are so numerous that joinder of all class members is impracticable.

17. Plaintiff and the IMWL and IWPCA Classes have been equally affected by Defendant's practice of not properly compensating employees for all time worked.

18. Plaintiff and the IMWL and IWPCA Classes have been equally affected by Defendant's failure to pay all earned overtime wages to Plaintiff and the class.

19. Furthermore, members of the IMWL and IWPCA Classes still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

20. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist between members of the Classes, if any.

21. Plaintiff, the IMWL and IWPCA Classes and Defendant have a commonality of interest in the subject matter and the remedy sought.

22. Plaintiff is able to fairly and adequately represent and protect the interests of the IMWL and IWPCA Classes. Plaintiff's Counsel is competent and experienced in litigating large wage and hour and other employment class actions.

23. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the IMWL and IWPCA Classes, to the Court, and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Classes are entitled.

24. The books and records of Defendant are material to Plaintiff's case as they disclose the overtime hours worked by members of the IWPCA and IMWL Classes and the amounts they were paid for that work.

25. Plaintiff has retained counsel experienced in complex employment litigation and in class action litigation.

26. Plaintiff and his counsel will fairly and adequately protect the interest of both classes.

## COUNT I
### Violation of the Illinois Minimum Wage Law
### (Class Action)

27. Plaintiff hereby realleges and incorporates the above paragraphs of this Complaint, as if fully set forth herein.

28. This Court has original jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1332(d) and in the alternative, supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

29. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action on his own behalf and on behalf of the IMWL Class pursuant to 820 ILCS 105/12(a).

30. Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff and the IMWL Class worked in excess of forty (40) hours, Plaintiff and the IMWL Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of forty (40) hours per week.

31. Defendant did not pay Plaintiff and the IMWL Class one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

32. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff and the IMWL Class at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

33. Pursuant to 820 ILCS 105/12(a), Plaintiff and the IMWL Class are entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff and the IMWL Class pray for a judgment against Defendant as follows:

   a. That the Court determine that this action may be maintained as a class action;

   b. A judgment in the amount of one and one-half times Plaintiff's and the IMWL Class' regular rate for all time worked in excess of forty (40) hours per week;

   c. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

   d. Reasonable attorney's fees and costs incurred in filing and pursuing this action; and

   e. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Wage Payment and Collection Act
(Class Action)

34. Plaintiff hereby realleges and incorporates the above paragraphs of this Complaint, as if fully set forth herein.

35. This count arises under the IWPCA, 820 ILCS 115/1, *et seq*. for Defendant's failure and refusal to pay Plaintiff and the IWPCA Class he represents for all their wages earned.

36. During the course of his employment with Defendant, Plaintiff was not fully compensated for all time worked in certain work weeks.

37. Other IWPCA Class members were similarly not fully compensated for all time worked in certain work weeks.

38. Plaintiff and the IWPCA Class were entitled to be compensated for all time they worked at the rate agreed to by the parties.

39. Defendant's failure to pay Plaintiff and the IWPCA Class members for all their wages earned, including overtime wages, at the rates agreed to by the parties violated the IWPCA.

40. Plaintiff represents all current and former employees of Defendant who worked as spotters who have not been paid for all their wages earned at the rates agreed to by the parties.

WHEREFORE, Plaintiff and the IWPCA Class pray for a judgment against Defendant as follows:

    a. That the Court determine that this action may be maintained as a class action;

    b. A judgment in the amount of all back wages due, as provided by the Illinois Wage Payment and Collection Act;

    c. Prejudgment interest on the back wages in accordance with 820 ILCS 205/2;

    d. An injunction precluding Defendant from violating the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq.;

    e. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act
### (Individual Actions)

41. Plaintiff incorporates by reference all preceding paragraphs.

42. Plaintiff brings Count III as an individual claim for unpaid overtime pursuant to the FLSA.

43. At all times relevant hereto, Defendant was an "enterprise engaged in commerce" within the meaning of Sec. 3(s) of the FLSA, 29 U.S.C. 203 (s).

44. At all times relevant hereto, Defendant was an "employer" within the meaning of Sec. 3(d), 29 U.S.C. 203(d).

45. At all times relevant hereto, Plaintiff was an "employee" as defined by Sec. 3(e) of the FLSA, 29 U.S.C. 203(e).

46. Plaintiff was not paid overtime wages for all hours worked in excess of 40 in a week during the applicable statutory time period in violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207(a).

47. At all times relevant hereto Defendant's failure to pay Plaintiff premium pay for all hours worked over 40 in a week was willful in that among other things:

    a. Defendant knew that the FLSA required it to pay time and one-half for all hours worked over 40 in a week.

    b. Defendant failed to maintain true and accurate payroll records.

48. As a direct and proximate result thereof, Plaintiff is due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. 216.

WHEREFORE, Plaintiff Markus Owings individually prays for judgment against Defendant and in favor of Plaintiff for a sum that will properly, adequately and completely

compensate Plaintiff for the nature, extent and duration of their damages, the costs of this action and as follows:

                                                        **MARKUS OWINGS,** individually,
and on behalf of all others
similarly situated,

/s/ James X. Bormes
Plaintiff's attorney

James X. Bormes
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue
Chicago, IL 60603
312-201-0575

Dated: October 6, 2011